The Court:
 

 BayaRd,
 
 Chief Justice
 

 to the jury: — The question is, whether the íorse at the time of the taking was the property of Price, or of Perry. The evidence on the part of the plaintiff is, that he bought the horse jit a public sale by a constable. It is objected to this that the purchase was not bona fide; that Perry bought the horse for Price; that
 
 *294
 
 there was no change of possession; and that even if there was a purchase it was void as against creditors under our act of assembly, because there was no transfer of the possession.
 

 Booth,
 
 for plaintiff.
 

 W. H. Rogers,
 
 for defendant.
 

 In cases of sale without a change of possession, if nothing more appears, it is void; but in case of a public sale the same mischief is not to be apprehended, and if. will always be a question for the jury whether the sale was bona fide. If in good faith it would be a valid sale and transfer of the property, even though the purchaser should from motives of humanity leave the property in the vendor’s or defendant’s possession. If, therefore, the jury in this case think that at this constable’s sale Perry bought this horse bona fide, as his own, and lent him to Price, the verdict should be for the plaintiff, for nominal damages; if that the sale was not in good faith; or the purchase was
 
 made for
 
 Price, meaning that Price should continue the owner, the verdict should be for the defendant, and for the value of the horse, which the parties agree shall be assessed by the jury.
 

 In the naked case of a sale where nothing appears but the sale and non-delivery of possession the transaction is per se void; but in cases of public sale by auction, as the great badge of fraud, secrecy, is wanting, the transaction is not void per se, but it must be left to
 
 the
 
 jury to say whether the sale is conducted in good faith.